IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

AGUSTIN LUX MUS,
         Plaintiff,

v.

SWIFT BEEF COMPANY,
         Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, AGUSTIN LUX MUS (hereinafter "Plaintiff"), and hereby files this Original Complaint against SWIFT BEEF COMPANY (hereinafter "Defendant" and "SWIFT"), and for cause of action would respectfully show the Court and jury the following:

### I.
### SUBJECT MATTER JURISDICTION

1. This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. States, and the amount in controversy exceeds $75,000.00, excluding interest and costs. Plaintiff is a resident of Oklahoma and Defendant is a resident of Colorado. There is complete diversity amongst the parties.

### II.
### VENUE AND PERSONAL JURISDICTION

2. Venue of this case is proper in the District of Colorado, pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c)(1)-(2), because Defendant resides in the District of Colorado. Specifically, Defendant is headquartered in Weld County, Colorado, a county within the District of Colorado. Further, Defendant is an entity with the capacity to sue and be sued in its common

names under applicable law and is subject to the Court's personal jurisdiction with respect to the civil action in question.

### III.
### PARTIES

3.      Plaintiff is an individual residing in Texas County, Oklahoma. The last three digits of his Consular ID Card are 418.

4.      Defendant SWIFT BEEF COMPANY is a Delaware for-profit corporation, with its principal place of business in Colorado, and may be served through its registered agent, Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

### IV.
### BACKGROUND FACTS

5.      On January 29, 2020, Plaintiff was working for the benefit of Defendant SWIFT's business located in Cactus, Texas. Plaintiff was working on the third level of the production line, approximately 30 feet above the ground, replacing a lining along the conveyer belt. Defendant failed to provide Plaintiff with any type of safety harness or clip as he worked thirty feet above the ground. Defendant further failed to lock out and/or tag out the conveyor belt as Plaintiff worked on it. As Plaintiff completed his duties, an employee of Defendant negligently turned on the production line, causing a chain to strike Plaintiff and throwing him thirty feet below to the ground. Plaintiff struck the ground head-first, causing severe and traumatic injuries.

6.      Defendant negligently turned on the production line while Plaintiff worked three stories above the ground without adequate safety equipment. Defendant knew or should have known that these actions involved an extreme degree of risk; however, Defendant persisted in its negligent conduct anyway. Defendant failed to provide Plaintiff with adequate safety equipment to prevent a fall from the 30 feet high production line. Defendant further failed to properly train its employees and implement proper safety procedures to prevent such an incident from occurring.

7. As a result of the Defendant's conduct, Plaintiff suffered severe personal injuries.

## V.
## RESPONDEAT SUPERIOR

8. Defendant's employees negligently turned on the production line while Plaintiff was working on the line, 30 feet above the ground.

9. This negligent conduct of Defendant's employee, or employees, was performed while in the employment of Defendant and was within the scope of that employment or within the authority delegated to the employee. Defendant's employees had a duty to exercise ordinary care to avoid injuring Plaintiff. Defendant's employees breached this duty when they negligently turned on the production line while Plaintiff was still working on the line.

10. Defendant's employee was an agent of Defendant and was acting in the furtherance of Defendant's business when the above-described negligence occurred. The employee had apparent and actual authority and therefore Defendant is vicariously liable for the negligent acts of its employee and liable for the damages proximately caused by that negligence.

11. If Defendants did not employ the employee, the employee was acting under the direction and control of Defendant at the time of the incident in question.

12. The negligent of the employee described above proximately caused Plaintiff's injuries, and Defendant is therefore liable for Plaintiff's injuries under the doctrine of respondeat superior.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT

13. **PREMISES LIABILITY - INVITEE.** Defendant was the owner and in possession of the premises on which the accident occurred.

14. Plaintiff entered Defendant's premises in response to Defendant's invitation and for their mutual benefit. Plaintiff was contracted to perform services for Defendant at the time of the incident.

15. A condition on Defendant's property posed an unreasonable risk of harm. The production line, located 30 feet above the ground, contained no railing or safety equipment to prevent a fall. Further, the production line contained hanging chains that could strike people working on the production line and throw them thirty feet to the ground.

16. Defendant knew or reasonably should have known of the danger these conditions presented.

17. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by failing to warn Plaintiff of the dangerous condition presented by the unsecured production line and by failing to cure the dangerous condition presented by the production line. Further, Defendant failed to warn of the danger of the production line, and that the production line being turned on could result in Plaintiff being thrown off and suffering severe injuries. Additionally, Defendant failed to cure the dangerous condition on the premises—the lack of railing or safety equipment to prevent falls and chains hanging from the production line that could strike an employee, throwing them 30 feet to the ground.

18. Additionally, Defendant had a duty to perform reasonable inspection of the premises. A reasonable inspection would have led Defendant to discover the dangerous condition of the production line, the lack of railing or safety equipment, and the fact that chains hanging from the line could strike an employee and throw them off the line, resulting in a three-story fall and severe injury.

19. Defendant failed to perform a reasonable inspection of their premises to discover the dangerous conditions.

20. **NEGLIGENCE.** The incident described above, and the resulting injuries and damages suffered by Plaintiff, were proximately caused by the negligent conduct of Defendant SWIFT and its employees as follows:

   a. Failing to provide, implement, or have proper safety procedures in place regarding hazards near or around the production line;

   b. Failing to provide, implement, or have proper safety procedures in place to prevent turning on the production line when an employee is working on the line;

   c. Failing to properly supervise their employees or agents;

   d. Failing to properly train their employees or agents;

   e. Failing to have railing or safety equipment in place that would have prevented a person from falling three stories off the line;

   f. Failing to provide Plaintiff with safety harnesses or equipment that would prevent a fall from the production line; and

   g. Turning on the production line while a person was on the line.

21. Defendant SWIFT's negligent conduct proximately caused injury to Plaintiff.

22. **GROSS NEGLIGENCE.** Plaintiff's injuries resulted from Defendant's gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a)(3).

23. Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted gross negligence. Defendant's acts or omissions which, when viewed objectively from the standpoint of the Defendant at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk involved but nevertheless

proceeded with conscious indifference to the rights, safety, or welfare of others. Tex. Civ. Prac. & Rem. Code § 41.001.

24. Specifically, Defendant created an unreasonable risk of harm by turning on the production line while Plaintiff was working on the line, 30 feet in the air and without railing or safety equipment or prevent a fall. Further, Defendant failed to provide proper safety equipment to their employees, contractors, licensees, and invitees who would be climbing on the production, and thus failed to ensure these individuals would not be thrown off the production line if it was turned on. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, Defendant knew of the risk involved in turning on the production line while Plaintiff was on the line and failing to provide safety equipment to prevent a fall, but nevertheless proceeded to allow the hazard to remain with conscious indifference to the rights, safety, and welfare of others.

## VII.
## DAMAGES

25. Plaintiff incorporates the allegations contained in the preceding paragraphs as if fully set forth and stated herein.

26. As a result of the incident described above, Plaintiff suffered severe and life-threatening injuries to his head and body generally. The injuries have had a serious effect on Plaintiff's health and well-being. These injuries resulted in scarring and disfigurement. Some of these ill effects are permanent and will abide with Plaintiff for his entire life.

27. The specific injuries and their ill effects have, in turn, caused Plaintiff's physical and mental condition to deteriorate generally, so that the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer the consequences and ill effects of this deterioration throughout his body for the balance of his natural life. As a further result of the

nature and the consequences of her injuries, Plaintiff has suffered great physical pain and suffering, mental anguish, and in all reasonable probability he will continue to suffer physical pain, suffering, and mental anguish, for the balance of his natural life. By reason of all of the above, Plaintiff has suffered losses and damages in a sum that exceeds the minimum jurisdictional limits of the Court for which he sues.

28. Further, Plaintiff has sustained the loss of earning capacity and the loss of physical ability in the past and will in all probability continue to sustain a loss of earning capacity and the loss of physical ability in the future for which he seeks recovery herein. Plaintiff's loss of earning capacity constitutes damages for excess of the minimum jurisdictional limits of the Court for which he seeks recovery.

29. As a further result of the above, Plaintiff has incurred expenses for medical care. These expenses were incurred for necessary care and treatment of the injuries resulting from the negligent conduct of Defendants. Plaintiff seeks recovery for all past medical expenses.

30. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention. Plaintiff seeks recovery of such medical expenses in an amount in excess of the minimum jurisdictional limits of the court.

31. Plaintiff seeks damages for the injuries and damages which directly and proximately resulted from Defendant's negligence in the following particulars:

    a. Physical pain and suffering in the past;

    b. Physical pain and suffering that, in reasonable probability, Plaintiff will sustain in the future;

    c. Mental anguish sustained in the past;

    d. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

e. Loss of enjoyment of life in the past;

f. Loss of enjoyment of life that, in reasonable probability, Plaintiff will sustain in the future;

g. Medical expenses in the past;

h. Medical expenses that, in reasonable probability, Plaintiff will incur in the future;

i. Loss of earning capacity in the past;

j. Loss of earning capacity that, in reasonable probability, Plaintiff will incur in the future;

k. Physical impairment in the past;

l. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

m. Disfigurement; and

n. Exemplary damages.

## VIII.
## CONDITIONS PRECEDENT

32. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## IX.
## JURY DEMAND

33. Plaintiff respectfully requests a trial by jury and has tendered the appropriate fee.

## X.
## PRAYER

34. WHEREFORE, Plaintiff respectfully requests that Defendant be cited to appear and answer herein and that upon a final trial of this cause, Plaintiff recover:

a. Judgment against Defendant for actual damages in an amount in excess of the minimum jurisdictional limits of this Court with prejudgment interest at the highest rate allowed by law;

    b.   Exemplary damages;

    c.   Interest after judgment at the highest rate allowed by law;

    d.   Costs of suit; and

    e.   Such other and further relief to which Plaintiff may be or become justly entitled.

Respectfully submitted,
**ATTORNEY DEAN BOYD, PLLC.**

*/s/ Blake Scott*
Dean Boyd
Texas State Bar No. 02766300
dean@deanboyd.com
Blake A. Scott
Texas State Bar No. 24108307
blake@deanboyd.com
4423 Southwest 45th Avenue
Amarillo, Texas  79109
Telephone: (806) 242-3333
Facsímile: (806) 322-3167
ATTORNEY FOR PLAINTIFF